# APPENDIX 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.<br><br>_____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)   Civil Action No.<br>)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Horizon Educational Services, Inc. d/b/a Horizon Science Academy - Cleveland High School

_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: The Calfee Building, C/O Kelly Callam<br>1405 E. Sixth Street<br>Cleveland, Ohio 44114 | Date and Time:<br><br>09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   09/02/2020
_____

| CLERK OF COURT | | OR | |
|---|---|---|---|
| _____<br>*Signature of Clerk or Deputy Clerk* | | | /s/ Kelly A. Callam<br>_____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The Republic of Turkey
_____ , who issues or requests this subpoena, are:
Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.    "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.    "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.    "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.    "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.    "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.    "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.    "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.    The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.    "Including" means including, but not limited to.

10.    To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## INSTRUCTIONS

1.    Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.    If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

3

8.     These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.     When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.     For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

> a.     All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;
>
> b.     All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and
>
> c.     All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

4

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

        a.      All board of directors meeting agendas and minutes, both drafts and final;

        b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

        c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

        a.      All documents evidencing your employees' names and positions; and

        b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

        a.      All documents and communications related to the negotiation of the management agreement;

b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

e.      All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

6

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

   a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

   b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

   c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

   d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

   a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

   b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

   c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

   d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

7

    e.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.     Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.     For the years 2005 to the present, produce the following:

    a.      All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

    b.      All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

    c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

    d.      All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

    e.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

8

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Horizon Science Academy - Cleveland Middle School, Inc. d/b/a Horizon Science Academy - Cleveland Middle
School

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: The Calfee Building, C/O Kelly Callam<br>1405 E. Sixth Street<br>Cleveland, Ohio 44114 | Date and Time:<br><br>09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     09/02/2020

CLERK OF COURT

OR

_____           /s/ Kelly A. Callam
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The Republic of Turkey _____ , who issues or requests this subpoena, are:

Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

~~Notice to the person who issues or requests this subpoena~~

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.     "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.     "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.     "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.     "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.     "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.     "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.     "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.     The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.     "Including" means including, but not limited to.

10.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## INSTRUCTIONS

1.     Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.     If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

2

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

      a.      All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

      b.      All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

      c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

4

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

        a.      All board of directors meeting agendas and minutes, both drafts and final;

        b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

        c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

        a.      All documents evidencing your employees' names and positions; and

        b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

        a.      All documents and communications related to the negotiation of the management agreement;

5

      b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

      c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

      a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

      b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

      c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

      d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

      e.      All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

      f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

      b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

      c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

      b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

      c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

    e.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.    Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.    For the years 2005 to the present, produce the following:

    a.     All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

    b.     All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

    c.     All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

    d.     All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

    e.     All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

12.    For the years 2005 to the present, produce the following:

8

a.      All communications and documents related to sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

b.      All communications and documents related to the negotiations for the sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such property sales were discussed and approved;

d.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the sale or purchase of property from you to New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

13.     For the years 2005 to the present, produce the following:

a.      All communications and documents related to purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

b.      All communications and documents related to the negotiations for the purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

c.      All communications and documents to include minutes (both draft and final) or notes, related to board meetings wherein such property purchases were discussed and approved;

d.      All communications and documents to include payment records, related to any commissions or consulting fees paid to anyone in connection with the purchase of property from New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Ohio

IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.

|   |   |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
|   | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Horizon Science Academy Denison Elementary, Inc.
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: The Calfee Building, C/O Kelly Callam<br>1405 E. Sixth Street<br>Cleveland, Ohio 44114 | Date and Time:<br><br>09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|   |   |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/02/2020

                CLERK OF COURT
                                                    OR     /s/ Kelly A. Callam

    _____                _____
    *Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The Republic of Turkey _____, who issues or requests this subpoena, are:

Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**DEFINITIONS**

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.      "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.    "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.    The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.    "Including" means including, but not limited to.

10.    To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## INSTRUCTIONS

1.    Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.    If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

2

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

**DOCUMENT REQUESTS**

1.      For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

> a.      All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;
>
> b.      All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and
>
> c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

4

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

        a.      All board of directors meeting agendas and minutes, both drafts and final;

        b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

        c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

        a.      All documents evidencing your employees' names and positions; and

        b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

        a.      All documents and communications related to the negotiation of the management agreement;

      b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

      c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

      a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

      b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

      c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

      d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

      e.      All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

      f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

      b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

      c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

      b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

      c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

7

     e.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.     Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.     For the years 2005 to the present, produce the following:

     a.     All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

     b.     All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

     c.     All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

     d.     All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

     e.     All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

8

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Ohio

IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Horizon Science Academy Denison Middle School, Inc. d/b/a Horizon Science Academy - Denison Middle School

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment.

| Place: The Calfee Building, C/O Kelly Callam<br>1405 E. Sixth Street<br>Cleveland, OH 44114 | Date and Time:<br><br>09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/02/2020

|  | | |
|---|---|---|
| *CLERK OF COURT* | | |
| | OR | /s/ Kelly A. Callam |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The Republic of Turkey                                      , who issues or requests this subpoena, are:

Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#9723; I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

&#9723; I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                              _____
                                              *Printed name and title*

                                              _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT 1**

**DEFINITIONS**

For the purpose of these requests, the following definitions apply:

1.    "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.    "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.    "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.    "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.    "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.    "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.      "Including" means including, but not limited to.

10.      To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## INSTRUCTIONS

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

2

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.       If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.       If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.       If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.       If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.       The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

3

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

    a.      All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

    b.      All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

    c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

        a.      All board of directors meeting agendas and minutes, both drafts and final;

        b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

        c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

        a.      All documents evidencing your employees' names and positions; and

        b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

        a.      All documents and communications related to the negotiation of the management agreement;

      b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

      c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

      a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

      b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

      c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

      d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

      e.      All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

      f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

      b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

      c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

      b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

      c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

     e.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.     Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.     For the years 2005 to the present, produce the following:

     a.     All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

     b.     All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

     c.     All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

     d.     All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

     e.     All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR
AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.

|  |  |  |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Horizon Science Academy of Lorain, Inc. d/b/a Horizon Science Academy - Lorain

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: The Calfee Building, C/O Kelly Callam<br>1405 E. Sixth Street<br>Cleveland, OH 44114 | Date and Time:<br><br>09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/02/2020

CLERK OF COURT
                                                                              OR    /s/ Kelly A. Callam

_____          _____
*Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The Republic of Turkey
_____ , who issues or requests this subpoena, are:

Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.     "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.     "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.     "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.     "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.     "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.     "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.    "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.    The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.    "Including" means including, but not limited to.

10.    To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## INSTRUCTIONS

1.    Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.    If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.    If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.    If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.    If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.    If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.    The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.     These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.     When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.    If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.     For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

       a.     All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

       b.     All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

       c.     All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

        a.      All board of directors meeting agendas and minutes, both drafts and final;

        b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

        c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

        a.      All documents evidencing your employees' names and positions; and

        b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

        a.      All documents and communications related to the negotiation of the management agreement;

5

b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

e.      All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

6

8.     Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

      a.     Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

      b.     U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

      c.     U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      d.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.     Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

      a.     Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

      b.     All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

      c.     U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.     U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      e.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.     Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.     For the years 2005 to the present, produce the following:

      a.     All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

      b.     All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

      c.     All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

      d.     All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

      e.     All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

8

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Ohio

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS.<br><br>_____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br> Civil Action No. _____ |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Horizon Science Academy - Springfield
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: Classic Reporting<br>420 Madison Ave, Suite 1200<br>Toledo, OH 43604 | Date and Time:<br><br>09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/02/2020
       _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Kelly A. Callam |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
The Republic of Turkey                                             , who issues or requests this subpoena, are:

Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#9723;  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

&#9723;  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.      "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.      "Including" means including, but not limited to.

10.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

8.     These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.     When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.    If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.     For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

a.     All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

b.     All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

c.     All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

        a.      All board of directors meeting agendas and minutes, both drafts and final;

        b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

        c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

        a.      All documents evidencing your employees' names and positions; and

        b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

        a.      All documents and communications related to the negotiation of the management agreement;

b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

e.      All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

       a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

       b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

       c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

       d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

       a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

       b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

       c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

       d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

7

e.     U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.     Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.     For the years 2005 to the present, produce the following:

a.     All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

b.     All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

c.     All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

d.     All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

e.     All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

8

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | ) | |
|---|---|---|
| _____ | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

Horizon Science Academy - Toledo

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment.

| Place: Classic Reporting<br>420 Madison Ave, Suite 1200<br>Toledo, OH 43604 | Date and Time:<br><br>09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/02/2020

| | | |
|---|---|---|
| *CLERK OF COURT* | OR | /s/ Kelly A. Callam |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ The Republic of Turkey _____ , who issues or requests this subpoena, are:

Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____  on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                          *Server's signature*

                                          _____
                                          *Printed name and title*

                                          _____
                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.      "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.     "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.     The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.     "Including" means including, but not limited to.

10.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## INSTRUCTIONS

1.     Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.     If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

2

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.    If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.    If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.    If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.    If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.    The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

3

8.    These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.    When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.    If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

### DOCUMENT REQUESTS

1.    For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

    a.    All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

    b.    All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

    c.    All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

4

2.     Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.     Produce the following documents and communications relating to your board of directors:

    a.     All board of directors meeting agendas and minutes, both drafts and final;

    b.     All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

    c.     All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.     Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

    a.     All documents evidencing your employees' names and positions; and

    b.     All documents and communications related to any informal agreements between and/or amongst your employees.

5.     Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.     Produce the following documents and communications related to your management contract with Concept Schools:

    a.     All documents and communications related to the negotiation of the management agreement;

b.     All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

c.     All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.     Produce the following documents and communications related to your hiring and employment practices:

a.     All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

b.     All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

c.     All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

d.     All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

e.     All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

f.     Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

6

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

      b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

      c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

      d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

      a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

      b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

      c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

      d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

7

      e.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.     Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.     For the years 2005 to the present, produce the following:

      a.      All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

      b.      All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

      c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

      d.      All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

      e.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of Ohio

| | |
|---|---|
| IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Horizon Science Academy Youngstown, Inc. d/b/a Horizon Science Academy - Youngstown

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: The Calfee Building, C/O Kelly Callam 1405 E. Sixth Street Cleveland, OH 44114 | Date and Time: 09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/01/2020

|  *CLERK OF COURT* | |
|---|---|
| | OR  /s/ Kelly A. Callam |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Republic of Turkey                                                                                       , who issues or requests this subpoena, are:

Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                            *Server's signature*

                                        _____
                                            *Printed name and title*

                                        _____
                                            *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
　(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
　(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
　(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
　(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
　(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
　(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **EXHIBIT 1**

## **DEFINITIONS**

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.      "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.      "Including" means including, but not limited to.

10.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## **INSTRUCTIONS**

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.    If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.    If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.    If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.    If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.    The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

3

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

**DOCUMENT REQUESTS**

1.      For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

> a.      All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;
>
> b.      All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and
>
> c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

4

2.     Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.     Produce the following documents and communications relating to your board of directors:

     a.     All board of directors meeting agendas and minutes, both drafts and final;

     b.     All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

     c.     All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.     Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

     a.     All documents evidencing your employees' names and positions; and

     b.     All documents and communications related to any informal agreements between and/or amongst your employees.

5.     Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.     Produce the following documents and communications related to your management contract with Concept Schools:

     a.     All documents and communications related to the negotiation of the management agreement;

      b.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

      c.      All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.      Produce the following documents and communications related to your hiring and employment practices:

      a.      All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

      b.      All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

      c.      All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

      d.      All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

      e.      All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

      f.      Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

       a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

       b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

       c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

       d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

       a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

       b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

       c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

       d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

7

     e.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

10.    Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

11.    For the years 2005 to the present, produce the following:

     a.      All communications and documents related to the rental or lease agreement between you and New Plan Learning, Inc. or any subsidiary or disregarded entity of New Plan Learning, Inc.;

     b.      All communications and documents related to the negotiations of the rental or lease agreement, to include market surveys or other assessments of the value of potential lease agreements;

     c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such rental or lease agreements were discussed and approved;

     d.      All communications and documents related to the selection of New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.) as the landlord; and

     e.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of lease agreements with New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.).

12.    For the years 2005 to the present, produce the following:

8

    a.      All communications and documents related to sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

    b.      All communications and documents related to the negotiations for the sale of any property from you to New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

    c.      All communications and documents, to include minutes (both draft and final) or notes, related to board meetings wherein such property sales were discussed and approved;

    d.      All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the sale or purchase of property from you to New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

13.    For the years 2005 to the present, produce the following:

    a.      All communications and documents related to purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.);

    b.      All communications and documents related to the negotiations for the purchase of any property from New Plan Learning, Inc. (to include any subsidiary or disregarded entity of New Plan Learning, Inc.), including market surveys or other assessments of the property's fair market;

c.     All communications and documents to include minutes (both draft and final) or notes, related to board meetings wherein such property purchases were discussed and approved;

d.     All communications and documents to include payment records, related to any commissions or consulting fees paid to anyone in connection with the purchase of property from New Plan Learning, Inc. (to include any subsidiaries or disregarded entities of New Plan Learning, Inc.).

10

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Ohio

| IN RE APPLICATION OF THE REPUBLIC OF TURKEY FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS. | ) |  |
|---|---|---|
| *Plaintiff* | ) ) | Civil Action No. |
| v. | ) ) |  |
| *Defendant* | ) ) |  |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Noble Academy - Cleveland, Inc. d/b/a Noble Academy - Cleveland

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Attachment.

| Place: The Calfee Building, c/o Kelly Callam 1405 E. Sixth Street Cleveland, OH 44114 | Date and Time: 09/26/2020 10.00 AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  09/02/2020

| CLERK OF COURT | | |
|---|---|---|
|  | OR | /s/ Kelly A. Callam |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* The Republic of Turkey _____, who issues or requests this subpoena, are:

Kelly A. Callam; The Calfee Building, 1405 E. Sixth Street, Cleveland, OH 44114; kcallam@calfee.com; (216) 622-8655

Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT 1

## DEFINITIONS

For the purpose of these requests, the following definitions apply:

1.      "You" and "your" mean yourself and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents, or affiliates.

2.      "Communication" means any manner of transmitting or receiving information of any kind, to or from a person, whether oral, electronic, in the form of a document or otherwise.

3.      "Related to" or "relating to" means concerning, referring to, describing, evidencing or constituting.

4.      "Document" or "documents," as used herein, shall mean any and all written, recorded, or graphic matter including, but not limited to, all contracts, letters, correspondence (including e-mails and telephonic text messages), memoranda (whether or not mailed or distributed outside the organization in which they are produced), studies, reports, minutes or meetings, diaries, ledgers, journals, books, records, invoices, receipts, checks, statements, labels, tape recordings, photographs, blueprints, specifications, notes, charts, maps, computer printouts, computer programs, electronically stored data, other data compilations from which information can be obtained, translated, if necessary, by detection devices into reasonable usable form, or any other documents, and shall include all non-identical copies or reproductions of any kind.

5.      "Person" or "persons" shall mean all individuals and entities, including, but not limited to all individuals, sole proprietorships, associations, companies, partnerships, joint ventures, corporations, non-profit corporations, limited partnerships, professional associations and trusts.

6.      "Vendor" shall mean any individual, company, organization, or other entity that

1

provides goods or services to another company, organization, or entity, including but not limited to, food and meal services, school supplies, transportation services, real estate services, cleaning services, accounting services, electronic and telecommunication services, and construction and renovation services.

7.      "All" and "each" shall be construed as all and each as appropriate in order to bring within the scope of the discovery request all responses that might otherwise be beyond their scope.

8.      The connectives "and" and "or" shall be construed either in the conjunctive or in the disjunctive as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

9.      "Including" means including, but not limited to.

10.     To the extent these discovery requests seek information in a singular form as to a person, document, or thing, such request shall be deemed to mean plural as well as singular.

## INSTRUCTIONS

1.      Please produce all documents in your possession, custody, or control, including those in possession, custody, or control or your attorneys, accountants, representatives, or other agents.  Copies may initially be produced instead of originals, but the originals must be maintained in case it becomes necessary to examine them.  Documents kept in electronic form must be produced in such form with all metadata intact and in conformity with any stipulation or order concerning the electronic production of such documents.

2.      If any document has been lost, destroyed, or is otherwise unavailable, please describe and identify each such document by stating in writing: (1) the name(s) of the author(s), the name(s) of the person(s) who received the original and all copies, and the date and subject

2

matter; (2) the last known custodian of the document; (3) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable; (4) each person having knowledge of the circumstances of it being lost, discarded, or destroyed; and (5) your efforts to locate each such document.

3.      If you object to any Request on the grounds that it is overly broad, you shall produce such documents as are concededly responsive, and shall provide a statement specifying any information omitted due to such objection and the specific bases for such objection.

4.      If you object to any Request on the grounds that it is overly or unduly burdensome, you shall produce such documents as can be provided without undertaking an undue burden.

5.      If you claim that any document is immune from discovery on the ground of attorney-client privilege, work product doctrine, or any other basis for non-disclosure, you shall provide a statement specifying the document withheld on privilege grounds and the specific bases of any such claimed immunity or privilege.

6.      If you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request. Questions regarding the interpretation of a request should be resolved in favor or the broadest possible construction.

7.      The relevant timeframe for Requests, if not otherwise stated, is between January 2015 and the present.

3

8.      These Requests for production of documents are continuing in nature.  If, after first responding to these Requests, you obtain or become aware of any or additional documents which are responsive to them, you must make additional or supplemental responses with respect to such documents.

9.      When producing a document, all non-identical copies, including all non-identical drafts and all attachments, must also be produced.

10.     If any requested document cannot be produced in full, please produce it to the extent possible, identifying what portion is not being produced and why.

## DOCUMENT REQUESTS

1.      For any payment or payments to any vendor that equaled or exceeded $5,000.00 in a calendar year, produce the following:

     a.      All documents and communications, including but not limited to, contracts, subcontracts, bids, requests for proposals, invoices, services agreements, e-mails, and payment records, reflecting the contemplated and actual scope of work, or the specific goods provided in exchange for the payment;

     b.      All documents and communications containing the identities of those individuals, corporations and employees performing the work or providing the good, related to any payment; and

     c.      All documents and communications reflecting the process utilized to select the vendor or recipient of any payment or payments.  Such documents and communications include, but are not limited to, requests for proposals (RFPs), responses to RFPs, and efforts to solicit bids and/or publish of RFPs.

4

2.      Produce all contracts and communications with any vendor who received payments totaling $15,000.00 or more in a calendar year from the year 2005 to present.

3.      Produce the following documents and communications relating to your board of directors:

      a.      All board of directors meeting agendas and minutes, both drafts and final;

      b.      All documents and communications relating to the process for selecting individuals to serve on the board of the directors; and

      c.      All documents showing the full names, home addresses, and work addresses for all members of the board of directors.

4.      Produce the following documents and communications related to all current employees or any individuals employed within the last three years:

      a.      All documents evidencing your employees' names and positions; and

      b.      All documents and communications related to any informal agreements between and/or amongst your employees.

5.      Produce all documents relating to financial transactions with organizations or individuals located in the Republic of Turkey, including donations received from or made to any businesses or charitable organizations located in the Republic of Turkey.

6.      Produce the following documents and communications related to your management contract with Concept Schools:

      a.      All documents and communications related to the negotiation of the management agreement;

b.       All communications and documents, to include payment records, related to any commissions or consulting fees paid to anyone in connection with the entering into or negotiation of the management agreement; and

c.       All documents and communications related to payments made to Concept Schools pursuant to the management contract.

7.     Produce the following documents and communications related to your hiring and employment practices:

a.       All documents and communications related to efforts to recruit workers who require new employment authorization prior to working in the United States;

b.       All documents and communications related to your inability to identify a qualified job candidate who is already authorized to work in the United States;

c.       All documents and communications related to the recruitment process for any individual foreign nationals in your employment;

d.       All documents showing the names of all employees who are present in the United States on an immigration status other than U.S. citizen or lawful permanent resident;

e.       All formal employment agreements with employees who are not U.S. citizens or lawful permanent residents; and

f.       Any informal agreements with or among employees who are not U.S. citizens or lawful permanent residents.

6

8.      Produce all documents related to H-1B status and visa petitions filed with the U.S. Government, including the following:

        a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA-9035/9035E);

        b.      U.S. Citizenship and Immigration Services Forms I-129, and any additional documents submitted to U.S. Citizenship and Immigration Services in support of H-1B applications;

        c.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

        d.      U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

9.      Produce all documents related to petitions for U.S. Lawful Permanent Residence ("PERM") sponsorship filed with the U.S. Government, including the following:

        a.      Filed and/or certified U.S. Department of Labor Condition Applications (Forms ETA 9089);

        b.      All documents and communications related to recruitment for the proffered position in support of filing Form ETA 9089 with the U.S. Department of Labor;

        c.      U.S. Citizenship and Immigration Services Forms I-140 and any additional supporting documentation submitted to U.S. Citizenship and Immigration Services related to that petition;

        d.      U.S. Citizenship and Immigration Services-issued requests for evidence and any filings in response to those requests; and

7

   e.  U.S. Citizenship and Immigration Services-issued receipt notices, approval notices, and denial notices.

  10.  Produce all Forms I-9 (Employment Eligibility) for all current employees who are not U.S. citizens or lawful permanent residents, and for those former employees who are not U.S. citizens or lawful permanent residents and were terminated on or after August 24, 2017.

8